# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SNAPMEDTECH, INC., a Delaware corporation<br><br>      Plaintiff,<br><br>v.<br><br>RANDALL RESIDENCE AT YANKEE TRACE, LLC d/b/a RANDALL RESIDENCE OF CENTERVILLE, a Michigan limited liability company; and RANDALL RESIDENCE AT ROYALTON WOODS, LLC d/b/a ROYALTON WOODS, a Michigan limited liability company;<br><br>      Defendants. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff SnapMedTech, Inc. ("SnapNurse") files this Original Complaint against Defendant Randall Residence at Yankee Trace, LLC d/b/a Randall Residence of Centerville ("Centerville"), and Defendant Randall Residence at Royalton Woods, LLC ("Royalton Woods") (collectively, "Defendants") and alleges as follows:

1

## I.     THE PARTIES

1. Plaintiff SnapMedTech, Inc. is a Delaware corporation having its principal place of business at 1201 Peachtree Street NE, Building 400, Suite 1800, Atlanta, Georgia 30361.

2. Defendant Centerville is a Michigan limited liability company having its principal place of business at 10400 Randall Park Drive, Centerville, Ohio 45458. Centerville's registered agent is Kenneth A. Scribner, Executive Director of Randall Residence of Centerville, located at 10400 Randall Park Drive, Centerville, Ohio 45458. Centerville can be served at its principal place of business or by and through its registered agent.

3. Defendant Royalton Woods is a Michigan limited liability company having its principal place of business at 14277 State Road, North Royalton, Ohio 44133. Royalton Woods's registered agent is Paul E. Perry, located at 511 Walnut Street, Cincinnati, Ohio 45202. Royalton Woods can be served at its principal place of business or by and through its registered agent.

## II.     JURISDICTION AND VENUE

4. This is an action for breach of contract between parties of complete diversity in terms of state citizenship, and the amount in controversy exceeds

$75,000. Accordingly, this Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. § 1332(a).

5. Personal jurisdiction over Defendant is proper in this Court because Defendants have sufficient minimum contacts with this state by engaging in activities giving rise to these claims for breach of contract that were and are directed at this judicial district. Defendants reached out to this district to contract for professional services originating from this district by seeking and retaining SnapNurse's services originating from this district.

6. Personal jurisdiction over Defendants is proper in this Court and judicial district under the controlling law provision in the Staffing Agreement between the parties.

7. Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to SnapNurse's claims have occurred within this judicial district. The execution and negotiation of the Staffing Agreements, including the arbitration provision contained therein, took place in this district, and Defendants ordered services from this District.

### III. BACKGROUND

8. SnapNurse is a provider of technology-enabled contract nursing services. The company assists healthcare facilities throughout the country in

securing nurses and other health care professionals to work on a short to medium term basis.

9. In doing so, SnapNurse works to retain qualified, licensed, and accredited health care personnel that meet the needs of its health care facility clients. SnapNurse then compensates the personnel for the time and work and invoices the facility for payment based on agreed-upon rates with the facility.

10. In 2020, SnapNurse executed a Staffing Agreement (the "Agreement") with each of Defendants Centerville and Royalton Woods. As the executive director of Randall Residence at Centerville, Kenneth Scribner executed the Agreement with SnapNurse for Centerville on June 29, 2020. Susan Durichko, a Director of Nursing, sought and executed the Agreement with SnapNurse for Royalton Woods on July 14, 2020.

11. Shortly thereafter, Defendants submitted initial orders to SnapNurse for nurses to begin work at Defendants' respective Randall Residence facilities.

12. SnapNurse proceeded to retain qualified nursing personnel to fill the order Regency submitted to SnapNurse. Beginning in late 2022, SnapNurse personnel began shifts performing nursing duties at Centerville and Royalton Woods. SnapNurse paid significant sums for travel and housing expenses for the nurses to arrive as contemplated at Defendants' locations.

13. After SnapNurse provided nursing personnel that had capably performed and completed shifts at Centerville and Royalton Woods, Defendants failed to pay the amount owed under the Agreement, which provides the hourly rates for the nurses requested.

14. Since beginning the engagement with Defendants pursuant to the Agreement, SnapNurse provided nursing services and accordingly invoiced Defendants—$126,023.50 remains unpaid. Defendants have failed and refused to pay for the services performed and invoiced, despite repeated requests and an attorney's demand letter sent on August 19, 2022.

15. Pursuant to the Agreement, Regency was required to pay SnapNurse's invoices within 30 days of the invoice, which stated that "[a]ll invoices are due and payable within 30 days of receipt. [SnapNurse] invoices to Client unpaid after 30 days of receipt shall accrue interest at a rate of three percent (3%) per year, or fraction thereof. If a dispute arises about an invoice, Client shall pay the undisputed amount pending the resolution of the parties' resolution of the disputed amount."

16. In addition, the Agreement provides that a prevailing party may recover attorneys' fees for any dispute arising under the agreement, including the recovery of amounts due on invoices, stating that "[t]he prevailing Party in any arbitration or

lawsuit arising from any dispute or claim under this Agreement shall be entitled to recover its reasonable attorney's fees, costs and expenses."

17. SnapNurse has invoiced Defendants for an amount equal to $126,023.50. Defendants have refused to pay these invoices despite repeated request.

18. At the same time, SnapNurse dutifully paid the nurses that have performed services for Defendants and reimbursed the expenses of those nurses.

19. SnapNurse has reached out to Defendants through a number of channels and provided Defendants every opportunity to make payment. Defendants have made no indication it intends to make any payment to SnapNurse or to seek any form of alternate dispute resolution.

20. The Agreement between SnapNurse and Defendants contains an arbitration clause requiring "[a]ll disputes arising from or relating to this Agreement that are not settled between the parties will be decided by binding arbitration before a neutral third party in accordance with the Rules of the American Arbitration Association." As such, the Court should compel that this dispute be submitted to arbitration in accordance with the Agreement.

## IV.   CAUSE OF ACTION

### CLAIM I—BREACH OF CONTRACT

21. SnapNurse incorporates by reference all previous allegations as though set forth fully here.

22. A claim for breach of contract requires (1) a valid contract, (2) a breach of its material terms, and (3) damages arising therefrom.

23. SnapNurse and Defendants entered into their respective agreements in June and July of 2020.  Defendants submitted orders for nursing personnel pursuant to the Agreements.  The Agreements were and are valid and binding contracts throughout the duration of the relationship between SnapNurse and Defendants.

24. Defendants breached the Agreement by failing to pay the invoices SnapNurse submitted to Defendants for payment of services provided.

25. SnapNurse has incurred significant monetary damages as a result of Defendants' breach, including direct and consequential damages, along with attorneys' fees, court costs, and other expenses.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff SnapNurse respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff SnapNurse that Defendants have breached the parties' agreements, including the Staffing Agreement;

b. A judgment and order requiring Defendants to pay SnapNurse its damages, costs, expenses, attorneys' fees, and prejudgment and post-judgment interest for Defendants' breach of contract; and

c. Any and all other relief as this Court may deem just and proper be awarded to Plaintiff SnapNurse.

d. In the alternative, Plaintiff SnapNurse requests that this Court enter an Order requiring both parties to appear for and resort to arbitration.

## VI.   DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), SnapNurse hereby demands a trial by jury of any issues so triable by right.

Dated: September 27, 2022               Respectfully submitted,

/s/ Brannon McKay
Brannon McKay
Georgia Bar Number 558603
Ben Bailey
Georgia Bar Number 117201
800 Battery Avenue SE, Suite 100
Atlanta, GA 30339
Tel. 713.410.6217
brannon@cmblaw.com
ben@cmblaw.com

*Counsel for Plaintiff SnapMedTech, Inc.*